State, *ex rel.* Dade County Kennel Club, v. State Racing Commission, *et al.*

156 So. 343.

Opinion Filed August 7, 1934.

*Bart A. Riley* and *Leonard Epstein,* for Relator;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Respondents;

*S. P. Robineau, Robert A. Lane* and *Carl T. Hoffman,* as *Amici Curiae.*

Per Curiam.—Chapter 14832, Acts of 1931, Laws of Florida, provides for the creation of a State Racing Commission whose duty it is to carry out the provisions of that Act. Section 4 provides that "any person, association or

corporation" desiring to operate a race track in this State shall have the right to do so, subject to the Act's provisions. Among these provisions is a requirement that on or before the 1st of July each year any person, association or "corporation" possessing the qualifications prescribed by the Act shall apply to the State Racing Commission for a permit to conduct race meetings and racing, which permit, after it is granted, is subject to ratification or rejection by the voters of the county wherein the race track is to be operated.

This original proceeding in mandamus was brought by the Dade County Kennel Club against the State Racing Commission to coerce the respondents to grant to relator, Dade County Kennel Club, a corporation, a racing permit in accordance with an application for same which is alleged to have been duly submitted to the State Racing Commission within the time provided by law and by said Commission denied.

The record shows that the Dade County Kennel Club is a corporation not for profit. Its charter was granted under Section 6495 C. G. L., 4499 R. G. S., the stated objects of the corporation being the raising of money to be used for charitable and benevolent purposes and for the furtherance of library facilities in Dade County, Florida, and for the purpose of securing a reduction in real estate taxation in the County of Dade and State of Florida, and to raise money for said purposes by the building and operation of one or more greyhound racing tracks in said county on any location selected by the Board of Directors of the corporation for such purpose, all racing to be done subject to the rules and regulations of the Florida State Racing Commission and under the supervision of the said State Racing Commission.

It is provided in the corporation's charter, which appears

to have been approved by the Circuit Court after the manner required by law concerning corporations not for profit, that all the "profits" derived from the operation of race tracks by the non-profit corporation shall be paid out for divers stipulated purposes, such as furtherance of the purposes of the corporation, contribution to the Dade County Community Chest, advertising Dade County for the Winter and Summer seasons, for the upkeep, maintenance and improvement of libraries, and for the reduction of taxes in the incorporated cities of Dade County, on a contribution made on the basis of population, etc.

It is a well established fundamental principle of the law of mandamus that a writ will never be granted in cases when, if issued, it would prove unavailing or would be without beneficial results and fruitless to the relator. Davis, Attorney General, *ex rel.* Taylor v. Crawford, 95 Fla. 438, 116 Sou. Rep. 41, and cases cited.

A majority of the Court are of the opinion in the present case that a corporation not for profit, existing solely by virtue of a charter granted pursuant to Sections 6495 C. G. L., 4499 R. G. S., to 6505 C. G. L., 4509 R. G. S., inclusive, is not within the purview of Chapter 14832, Acts of 1931, as a qualified "corporation" applicant for a racing permit to be issued under that statute, and that if a racing permit were issued to such a corporation not for profit, and it should attempt to carry on the holding of a race meeting for the purposes specified in the corporation's charter, that such purpose would be contrary to the intent of the statute authorizing the incorporation and existence of corporations not for profit for the special and limited purposes for which such corporations are authorized by Section 6495 C. G. L., *supra.* This being true, it would be the duty of the Attorney General to institute proceedings to

annul the franchise of the corporation not for profit so attempting to do acts *ultra vires* the law under which it is permitted to exist, and consequently the issuance of a racing permit to such non-profit corporation as the Dade County Kennel Club purports to be would be nugatory in its ultimate effects and without beneficial results and fruitless to the relator.

Such being the case, it follows that the relator is not entitled to a peremptory writ of mandamus of the character sought and the same should be and is hereby denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I do not think the Racing Commission has any discretion to refuse a permit if the application complies with the requirements of Section 2, Chapter 14832. The real discretion is vested by the Act in the people, as the permit is of no ultimate value unless approved by the people in an election. As to the corporate power of a non-profit corporation to operate a race track, I am not at all sure that this question is so clearly resolvable against the applicant as to authorize the Commission to refuse to grant the permit. The powers of the corporation cannot be questioned on collateral attack, but only by the State on direct attack. Hitchcock v. Mtg. Sec. Corpn., 95 Fla. 147, 116 So. 244. The Commission should issue the permit. If that part of the applicant's charter which gives it the power to conduct a racing plant is not authorized by the statute, this can be tested later by quo warranto. The action of the Circuit Judge in approving the charter under Section 6495 must be recognized and given full force and effect unless and until it is set aside in the due course of regular procedure.